May it please the Court, under Section 238 of the Immigration and Naturalization Act, Mr. Burgess had a statutory right to challenge the decision to place him in expedited removal. Mr. Burgess was deprived of this statutory right by the officer's coercion. And Mr. Burgess was prejudiced because he was unable to challenge his placement in an expedited removal proceeding. Now is it a discretionary decision on the part of the government to place him in the 238 proceeding instead of the 240? Yes, before the officer makes a decision whether to place an alien who has a criminal conviction in Section 238 or Section 240 proceedings. We're not challenging that initial decision. Once you've been placed in Section 238 proceedings, the statute provides you an opportunity to rebut that placement. And you have 14 days within to make an argument to that officer to then potentially be removed to a Section 240 proceeding. The problem here is that he waived, right? Right. The problem here is that the officer told him that he had no chance to change his circumstances. And he therefore signed the waiver and was not able to rebut the placement in the Section 238 proceedings. And was that because of the nature of his underlying conviction? The officer's statement or? Yeah. I mean. He was otherwise barred from. The officer probably believed that he was otherwise barred. But under Section 238, because you have an opportunity to rebut those charges, Mr. Burgess would have been able to make several arguments that would have been available to him in a Section 240 proceeding that could potentially have convinced the officer to place him, remove him from the 238 proceeding and place him in a 240 proceeding. But based on your answer to my earlier question, because he's in the 238 proceeding, those, I'll call them defenses for want of a better term, are just not available to him anymore. Right. In the 238 proceeding, that discretionary relief under 212H is not available. However, we're not challenging or we're not even saying we have a right to that form of discretionary relief. We're challenging the statutory right under Section 238 to challenge placement in the expedited removal process. Essentially, the statute gives you 14 days to argue to the officer that he incorrectly placed you in the 238 proceedings. Unless you waive. Unless you waive. Right. And if you are successful, the officer can either request more evidence to make another determination or remove you to the 240 proceedings where all those forms of discretionary relief would have been available to Mr. Burgess. On the assumption for purposes of the question that he was induced improperly to waive. Now, that's only assumption for purposes of the question. If he had gone actually to the 238 proceeding and challenged the 238 proceeding, saying, listen, I have a right to get out of this, not here are the grounds I would present were I in a 240, but rather I have a right to get out of 238. What are the grounds that he has to get out from 238? The grounds that he had to get out of 238 would have been similar to the grounds that he would present in a 240 hearing. There are no guidelines as to what the officer can use to determine whether or not to take Mr. Burgess out of a 238 proceeding. So he would have presented that he has been married to a U.S. citizen for nine years. He has three children, all U.S. citizens. He's been here since he was three years old. That sounds like something that can be presented in a 240. But is that a ground for his making an objection to 238, a legal objection to being in 238? The decision by the officer to remove him from a 238 proceeding is discretionary. There is no prescribed guidelines. So anything that he would have presented could have convinced the officer to remove him from a 238 proceeding. So naturally, he would have argued the reasons that he would be eligible for relief in a 240 proceeding. There are no specific guidelines for what he had to present to the officer. At any point, the officer ---- Yes, Calderon-Segura made the distinction that there was a rational basis for the government to create Section 238 proceedings, where some aliens get placed in Section 238 and some get placed in 240. And so we used that discretion to make the decision to remove Calderon-Segura. And we used that decision to argue that because there's a rational basis to put some aliens with criminal convictions in a Section 240 proceeding instead of strictly into 238, that there are clearly reasons why some aliens would not be properly placed in a 238 proceeding. Congress has created Section 238 to remove aliens with criminal convictions. However, every alien with a criminal conviction does not have to go into a 238 proceeding. Now you're raising an equal protection argument. That's not a due process argument. Doesn't Calderon-Segura bar that argument because we specifically rejected an equal protection challenge in that case? I completely agree. Calderon-Segura completely rejected the equal protection argument. And I'm not arguing ---- Mr. Burgess is not arguing equal protection. He's just making the point that in the court's decision, it clearly said that the government could contemplate putting some aliens with criminal convictions in a 240 proceeding. But the problem, to follow up on Judge Fletcher's and I think Judge Nelson's question, is that if there is no equal protection violation and the officer has complete discretion whether to initiate a 238 or a 240 proceeding, and in this case he chose a 238 proceeding and your client waived, there's no relief that would have been available to him and therefore he can't show prejudice, can he? Even if we agree that he was somehow coerced into waiving? Mr. Burgess was coerced into waiving his statutory right to challenge the 238 proceeding. But he doesn't have a challenge. That's the conundrum I'm having, Counselor. I don't understand what it was that he could raise in a 238 proceeding that would have given him any effective relief. So Section 238 provides for the right to counsel, be advised of the right to counsel and the right to contest placement and expedited removal process. So during 14 days, if you do not waive, you have the right to make that challenge. The statute would not provide for a 14-day option to rebut charges if there was no option for you to ever be taken out of a Section 238 proceeding. If I understand your argument, to rule in your favor, we would have to find that these arguments, married for 9 years, 3 children and a hardship claim, would have convinced the officer to exercise his discretion, remove him from the 238 proceeding and then reclassify him in a 240 proceeding, correct? Correct. So it's sheer speculation. We have no idea whether that would have caused the officer to exercise his discretion in a different way. Well, to show prejudice, Mr. Burgess only has to show that he had plausible grounds for relief. But I guess that's what I'm challenging. How can you say that those grounds are plausible if it's sheer speculation as to whether or not the officer would have been convinced to initiate a 240 proceeding and dismiss the 238 proceeding? It's plausible because those arguments would have satisfied a Section 240 discretionary relief hearing. So the argument is Mr. Burgess had a statutory right to present that to the officer. He never was able to exercise that right, or he never had a meaningful opportunity to present that to the officer. Therefore, he was prejudiced because, while it may be speculative, it is definitely the case that he would have been able to produce plausible arguments that could have changed the circumstances. Now you've got about a minute and just over a minute and a half. Do you want to save that? Yes, thank you. Thank you. Gladys Stephens-Guzman. I'm sorry, I'm a little nervous. Gladys Stephens-Guzman on behalf of the Attorney General. Your Honors, pursuant to H.C.F.R. 238.1, D.2, little i's, the only things that can be challenged in 238B proceedings are whether you're an aggravated felon and your status as an illegal alien in the United States. Those are the only things that, once you're noticed, that you're being placed in. Let me ask you this. What if the Attorney General puts someone in a 238 proceeding and then realizes that he made a mix-up of names, and he intended to put John Doe in 238, but he intended not to put John Rowe in 238. He puts John Rowe in 238. Is there anything the Attorney General can do to correct his mistake? Absolutely. That's within his discretion in the review of the document. 238B proceedings are precisely that, a documentary review of the alien's identity, of the alien's status. He could have placed both John Doe and John Rowe in 238, but in an exercise of his discretion, he chose to put one and not the other, and he could have put anybody in a mistake and he put the wrong one in. That's to say he had discretion to do either one. So he now regrets. He says, no, I exercised my discretion in the wrong way. Can he change what he did in order to retract the thing that he did in the exercise of his discretion? Pursuant to the regulations, yes, sir. He has the discretion to terminate 238B proceedings and issue a notice to appear before a regular 240 proceeding before an immigration judge. So there are no particular criteria that need to be satisfied in order to induce him to change his mind. That's to say the Attorney General exercised his discretion to put him in 238. The Attorney General thinks about it a little more and says, you know what, I made a mistake. I now exercise my discretion to take him out of 238 and put him in a 240. The Attorney General can do that. If the record, if John Rowe is not an aggravated felon, pursuant to the hypothetical example that Your Honor is presenting, which are not the issues before this Court today, which is not the record before this Court today, if John Rowe is not an aggravated felon and is not an illegal alien, or is an illegal alien but is not an aggravated felon, the Attorney General may very well exercise his discretion and terminate the 238B proceedings before him. But that is not the record before Your Honor today. Now, why do you say it that way? Meaning, I'm assuming for purposes of my question that before he's placed in either 238 or 240, the Attorney General has his discretion as to which one to put him in. Absolutely. And you're saying that the Attorney General puts him in 238 for reasons that the Attorney General now regrets, either because he made a mistake, the record certainly justifies him putting him in 238, but he really didn't want to, or because he later changes his mind, he says, you know, I'm thinking about this one, this is actually quite inconsistent with what I've been doing in other 238 cases. Are you telling me that the Attorney General does not have discretion, if this is an aggravated felon, to take him back out of 238, even though it was discretionary to put him in 238? What I'm saying, Your Honor, is that whether to put an illegal alien in 238B proceedings or 240 proceedings is something that Congress has delegated to the discretion of the Attorney General. I got that part. And this Court has recognized that that discretion is not reviewable. I got that part. I'm not asking about the discretion to put him in. I'm asking about discretion to take him out of 238. That's wholly within the Attorney General's discretion, Your Honor. Well, then, if that's so, why isn't she right that he should have had the opportunity to come in front of the IJ and say, well, this is in the discretion of the Attorney General, and here are some factors that you might want to consider within your discretion? Because that is not what she is saying. What she's saying is that he was statutorily deprived of the opportunity to contest the placement of 238B proceedings. Once you are placed in 238B proceedings, what the regulations say is that what you can challenge, the regulations that this Court have upheld are correct, withstand the challenge that she is bringing. The only things that you can challenge are whether you're that person which the notice of intent say you are, whether you're an aggravated felon, and whether you do not possess a legal status in this country. Now, I've heard two different answers from you now, and it may be because I'm misunderstanding, so I'm going to make it very clear. Once someone has been put into a 238 proceeding within the discretion of the Attorney General, the question is what grounds may the Attorney General use to take him back out? You've said to me that's entirely within the discretion of the Attorney General, and you've said to me that there are only two criteria that would allow the Attorney General to do it. I'm sorry, Your Honor. Will the real answer please stand up? I'm sorry, Your Honor, that I completely misunderstood your question. Per the regulations, to contest the placement, you may only contest it. I didn't ask about contest. I asked about the exercise of discretion to take him out. The exercise of discretion to take him out lies exclusively on what the alien has based his contest on. In other words, the Attorney General has no power to exercise his discretion to correct a mistake. Is that your position? Well, Your Honor, you're asking me to take a, for me as a representative of the Attorney General, to take a position on a hypothetical, which is not the record. I don't think it's hypothetical at all. I'm just asking you to describe the operation of the statute and the regulations. Your Honor, for that I would ask the Court to allow me to submit supplemental briefings because that is not what this case is about. I think this is directly what this case is about. Your Honor, I am so sorry, but Mr. Burgess was not placed in 238B proceedings as a mistake. Mr. Burgess was put in. Let me say it then differently. Mr. Burgess was put in 238 proceedings based upon a ground that if the Attorney General had understood it properly, he would not have done that. That's his argument. He says if I had been able to present my argument to the Attorney General, the Attorney General would have said, you know what, I really don't think you belong here. His argument is misplaced because, again, per the regulations, the only arguments he could have brought forth for the Attorney General. Okay. I know. Okay. In other words, it's not within the discretion of the Attorney General to take somebody back out of 238 once he's in there. There are only these very specific grounds that would be available to the Attorney General. According to the regulations in Mr. Burgess' case, yes. The only things he may contest are whether he's an aggravated felon, whether he's here legally, his status, and whether he is, in fact, Mr. Burgess. Well, you've slid between what he may say that's sort of legally contesting and what the Attorney General may do in the exercise of his discretion. Are those different propositions? Your Honor, I think they're very two different things that you're asking me to comment on, to state a position on. Okay. No, I'm not. I think you and I have gone as far as we can go on this point. Well, let me ask this. Counsel, do you have a copy of Section 238.1? I have one in my hands right now. Can you tell me what the meaning of B, I guess it would be, yeah, 238.1B3 is? 238.1B. It reads, Termination of Proceedings by Deciding Officer. Only the deciding service officer may terminate proceedings under Section 238 of the Act in accordance with this section. I'm sorry. Let me find it. 238.1B. 238.1B. I think it's D. Is it D? Yeah, stop. D. That wasn't B. Now I'm looking in the wrong place. Termination of Proceedings by Deciding Officer. Okay. Oh, all right. No, I think it's D. Yeah, you're right. Yes, Judge Fletcher has corrected me. It is D as in David 3. D3, Termination of Proceedings by Deciding Service Officer. Is that at all relevant to the discussion? That's just saying that the issuing, there's, when you're placing 238B proceedings, there is a guarantee that the DHS officers who issues the Notice of Intent shall not be the same officer that will either issue the final order of admission removal or the termination. It just guarantees that it's going to be different people who issue the different orders. Oh, okay. So that doesn't really help us. No, it's just that it's just going to be a different person who's going to be deciding, a different person than the issuing officer that's going to be deciding on the record before him whether to terminate proceedings and issue that termination. Where in this regulation, because I think it's the regulation that you're relying on, is it specified that the attorney general or the hearing officer may take someone out of 238 only on the narrow specified grounds? Well, the regulation in Section B2, D, I'm sorry, D2, 2 and little i, it says that the, I'm sorry, Your Honor, do you say to terminate or to, or the, You've argued, as far as I'm able to understand it, that the hearing officer can take somebody out of 238 only under certain specified conditions. That is not a discretionary decision. Where does it say that in the regulation? Oh, it's, oh, I'm sorry, it's, I understand it as when the regulation imposes that, when the regulation states that the insufficient rebuttal is only because the person subject to 238 proceedings has presented no issues of genuine fact, and when you look at the notice of intent to issue a final order of administrative removal, it says that you will contest the notice of intent based on the following stated issues. I think that an interplay of those things, you can only determine that the genuine issues of material facts are those. Related to those four items? Yes. The notice of intent is notice of intent to remove. Notice of intent to remove. That's right. And you have certain specified grounds to objection to removal. Yes. And that's what the notice of intent goes to. Yes. But I'm not asking whether or not those are the criteria for removal, that is to say removal from the country. I'm asking about criteria for putting him to a different proceeding, that is to say taking him out of 238 and putting him to 240. You're telling me that the criteria for removing him from the country are the same or even identical to the criteria for resisting removal from the country. Where do you get that? No, Your Honor, I think you're misunderstanding me. I think we're not understanding each other. Well, we've been having this problem. Yes, I believe we have. So let me ask you the question as simply as I know how to ask it. Where in this regulation does it specify that the hearing officer is limited in the exercise of his discretion in removing someone from 238? The regulation doesn't specify it in those words. Does it specify it in something approaching those words? No, Your Honor. What's the best language in the regulation that supports your position? No, Your Honor. That's not a yes or a no. What's the best language in the regulation that supports your position? I can't cite a best language in the regulation that supports my position, Your Honor. It's a combination of the discretion of the Attorney General to choose in which type of proceedings to place, of removal proceedings to place a criminal alien. I got that part. It's a combination of the fact that the only way the regulation states that to contest 238B proceeding removal, you have to state a genuine issue of material facts. It's a combination of this Court upholding the Attorney General's discretion of placement of 240 versus 238B removal proceedings. It's a combination of case law as well as... Yeah, that's the wrong answer to say you really don't have any very specific language. Is that right? I'm sorry. I can't give you... Okay. Okay. Any further questions from the bench? That's where I was getting at. If the Court doesn't have any further questions... Okay. Thank you very much. Thank you, Your Honors. I'll see you in 10 minutes. Response? The government misunderstands Mr. Burgess' arguments. Mr. Burgess is not challenging his placement in the Section 238 proceedings. He is challenging his denial of his statutory right to present evidence to rebut that decision to place him in to the 238 proceeding. As I read the regulation, the only four things that he has the right to challenge are whether he's an aggravated felon, his legal status in the country, whether or not he was a lawful permanent resident, whether he's deportable, and there's a fourth one. That's the only thing under the regulation that he can raise once he's in a 238 proceeding, right? Those are the only four things he can raise in the courtroom once he's in a 238 proceeding. We're arguing that he had a right to present evidence to the deciding service officer to have the officer change his mind. If you look at Section... Where in the regulation do we find that? In Section 238.1D... B as in boy. B as in dog. B as in dog. 2... Little 2, big A. It says, if the deciding service officer finds that the record of proceeding, including the alien's timely rebuttal, raises a genuine issue of material fact regarding the preliminary findings, the deciding service officer may either obtain additional evidence from any source, including the alien, or cause to be issued a notice to appear to initiate removal proceedings under Section 240 of the Act. But doesn't that refer back to the four points in 238.1B, Little Roman I through Little Roman IV? I... That he's raised a material issue of fact as to whether or not he's an alien, that he's been lawfully admitted for permanent residence, that he's been convicted of an aggravated felony, or that he's deportable. That part of the statute does not deal with the rebuttal, from my understanding. But if those are the only four things that he can challenge, and the regulation speaks in terms of raising a contested issue of material fact, it has to be those four things, doesn't it? The regulation doesn't speak to what can be raised in a rebuttal. There's nothing in the record, I mean, in the statute that says exactly what can be raised in a rebuttal. That's what we're arguing here is that you can present evidence to the officer during the rebuttal phase, during that 14 days. 238.1B.1 deals specifically, if I don't have it in front of me, unfortunately, deals specifically with what you can raise to challenge the 238 proceeding, generally. Not in a courtroom, not the rebuttal period. There's no prescribed guidelines for the rebuttal period with the officer. But doesn't the notice of intent to issue a final administrative deportation order, which places him in a 238 proceeding, allege that he is an illegal alien, that he has no illegal status in this country, that he's an aggravated felon, and that he's deportable? Those are the allegations contained in the notice, are they not? Yes. So if he's going to rebut something, he must be rebutting the allegations contained in the charging document, the notice of intent. I don't understand what else he's rebutting. He can rebut the decision. It's a discretionary decision to place him in that. Yes, those four things are alleged in the notice of intent. However, there are several other criteria that the officer could have used or did not know about when making that decision. And as Calderon-Segura says, there are a lot of reasons why an officer could place one alien in 238 and one in 240. Is there a separate set of regulations that you're aware of that guide the exercise of the, I'll call it the charging decision, whether to go 238 versus 240? No, it's completely within the Attorney General's discretion. Okay. Thank you. Thank you very much. Now, am I correct in assuming that you've taken this case as part of the pro bono project? Yes. I would like to say on behalf of the court, not just on this panel, but on behalf of the court that we greatly appreciate counsel doing this because it greatly assists us and not only your client, but it assists us. So thank you very much. Thank you. Thank both sides for your argument.
judges: Nelson, Fletcher, Tallman